[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11317
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00953-WHA-SRW

SAMUEL EARL IVORY,

Plaintiff-Appellant,

CEDRIC PHILLIPS,

Plaintiff,

versus

WARDEN,
GOVERNOR OF ALABAMA,
COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(January 27, 2015)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Samuel E. Ivory, an Alabama state prisoner proceeding *pro* se, appeals the district court's grant of summary judgment in favor of defendants Alabama Governor Robert Bentley and Commissioner Kim Thomas of the Alabama Department of Corrections ("ADOC") in his 42 U.S.C. § 1983 civil-rights action challenging the conditions of his confinement and his access to courts. After careful review, we affirm.

## I.

While imprisoned at the Perry County Correctional Facility ("Perry") in Perry County, Alabama, Ivory and Cedric Phillips[1] filed in the United States District Court for the Southern District of Alabama a complaint alleging that Bentley and Thomas were deliberately indifferent to prison conditions that posed a serious risk to inmates' health and safety at Easterling Correctional Facility ("Easterling"), where he was to be transferred, and other ADOC facilities.[2] These conditions included overcrowding; housing in buildings designed as gymnasiums;

---

[1] Phillips filed the complaint along with Ivory but is not an appellant in this appeal. Accordingly, the following facts relate primarily to Ivory.

[2] Ivory also named James Mullins, the Warden of the Perry County Correctional Facility, as a defendant. However, the complaint did not contain any allegations regarding Mullins or the conditions at Perry, and Mullins was later dismissed by the district court without objection by Ivory. On appeal, Ivory does not argue that this dismissal was improper, so we do not address it further.

2

insufficient beds; insufficient personal storage space; limited running water; unsanitary and inadequate restrooms and showers; insufficient fire and rescue countermeasures such as sprinkler systems, fire extinguishers, fire escapes, and personnel with fire and rescue training; inadequate heating, cooling, and ventilation; and inadequate security.

Ivory alleged that these conditions violated the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and he requested injunctive relief to cure the allegedly unconstitutional conditions and to prevent his transfer to Easterling.  Ivory contended that the defendants acted with deliberate indifference because "the conditions are so obvious that the officials must have purposefully ignored them," and because Alabama prisons had been the subject of previous litigation and newspaper articles.  He also asserted that he had a right to access the courts without fear of retaliation.  Ivory was subsequently transferred to Easterling.

The defendants filed a special report denying the complaint's allegations. They admitted that "Easterling houses a greater number of inmates than its designed capacity," but asserted that the ADOC has taken steps to ensure inmates were not subjected to inhumane conditions.  In support, they attached the affidavit of the Easterling's Warden, Louis Boyd.  The affidavit stated in pertinent part,

> Inmates at Easterling Correctional Facility are not housed
> in buildings designed to be gymnasiums.  All dormitories
> at [Easterling] have running water with each dormitory
> having at least five toilets and eight showers.  The fire

3

> evacuation routes are posted inside of each dormitory. Sprinkler systems along with fire extinguishers are inspected on a monthly basis. Easterling also has a crew composed of inmates who are assigned and receive training on extinguishing fires. The inmate restroom areas are cleaned on a daily basis, to include disinfectant. There are no inmates sleeping on cots at this facility. Inmates' storage areas are in line with Administrative Regulation 338, "Inmate Property." All of the dormitories have adequate housing and at least four industrial size fans for each dormitory.

Furthermore, the defendants argued, Ivory had not alleged that the defendants had knowledge of the conditions or that any act or omission by the defendants gave rise to Ivory's claims.

On June 14, 2011, the magistrate judge entered an order converting the special report to a motion for summary judgment and taking the motion under submission. The magistrate judge directed the parties to file any evidence before July 18, 2011.

Ivory timely responded in opposition to the special report, and both Ivory and Phillips filed supporting affidavits. In the response, Ivory acknowledged that his allegations about insufficient beds, lack of access to running water, and insufficient toilets and showers concerned another correctional facility, not Easterling.

In his affidavit, Ivory stated that, due to overcrowded conditions at Easterling, he was unable to get his evening medicine five times in less than two

4

months because the prison employees did not stay at their posts long enough to serve the long lines. If a prisoner complained to an employee, Ivory asserted, he would be placed in a "hot dorm," and then removed from the prison population to a secluded area that did not have access to religious services, visitation, or access to a law library. The secluded area also did not have a correctional officer, according to Ivory, so "inmates are subject to being raped or beaten." Ivory further described an incident in which he attempted to use Easterling's temporary law library after the permanent one had burned down, but the officers told him he first would have to fill out a request slip describing why he needed to use the library. He also attested that the water caused itchy rashes and that "everyone believes the water is full of bacteria."

In his affidavit, Phillips attested that the dining hall was too small to accommodate the large number of prisoners that the officers took in at a time, which led to conflict between inmates, and that it was unsanitary (infested with insects; tables "never clean"; floors "always wet, slimy, and slippery"). Phillips also asserted that (1) the dorms that housed inmates were "extremely [h]ot," and there was one ice cooler and sometimes not enough ice for everyone, leading "stronger inmates [to] prey on the weaker ones"; (2) the two-hour time slot each day for showering was inadequate for each of the 110 to 120 inmates in one side of the dorm to shower, increasing the risk of scabies and tuberculosis outbreaks;

5

(3) the prison illegally took $1 of every money order sent to a prisoner by his family, without the family's knowledge, for a "processing fee"; and (4) contrary to Warden Boyd's affidavit, Phillips had not seen fire extinguishers in the dorms, nor was he aware of any personnel or inmates who were certified by a licensed fire college on fire evacuation.

Before ruling on summary judgment, the district court in the Southern District, pursuant to the magistrate judge's recommendation to which no objections were filed, transferred the case to the Middle District for a more convenient forum because Bentley, Thomas, and Easterling were all in the Middle District of Alabama. After transfer, a magistrate judge in the Middle District vacated the Southern District's June 14, 2011, order construing the special report as a motion for summary judgment. The judge then directed the parties to file responses within fifteen days why the court should not treat the special report and any evidentiary materials as a motion for summary judgment. No responses were filed.[3]

Thereafter, the magistrate judge, treating the special report as a motion for summary judgment, issued a recommendation that the motion be granted. The magistrate judge concluded that Ivory had not established that the conditions of his confinement denied him the minimal civilized measure of life's necessities or

---

[3] In April 2013 and June 2013, the magistrate judge denied Ivory's requests to amend his complaint regarding his access-to-courts claim, but permitted him to file a supplement to his previous response to the special report. Ivory did so, but did not submit any additional evidence.

6

subjected him to a wanton and unnecessary infliction of pain.  Ivory also failed to demonstrate deliberate indifference by the named defendants, the magistrate judge concluded, because he did not identify any particular incident or condition of which the defendants were aware from which an inference could be drawn that a substantial risk of serious harm existed.  Regarding the access-to-courts claim, the judge found that Ivory had not shown that he had suffered any actual injury.

The district court overruled Ivory's objections, adopted the magistrate judge's recommendation, and granted summary judgment to the defendants.  After the court denied Ivory's motion to alter or amend the judgment, Fed. R. Civ. P. 59(e), this timely appeal followed.  *See* Fed. R. App. P. 4(a)(4).

## II.

We review a district court's grant of summary judgment *de novo*, considering the facts and drawing all reasonable inferences in the light most favorable to the non-moving party.  *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009).  Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The moving party bears the initial burden of showing, by reference to materials on file, that there are no genuine issues of material fact for trial.  *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995); *see* Fed. R. Civ. P.

7

56. Once this burden is met, "the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file," show that there is such a genuine issue for trial. *Jeffery*, 64 F.3d at 593-94 (internal quotation marks omitted). We also credit "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment. *Caldwell v. Warden, FCI Talledega*, 748 F.3d 1090, 1098 (11th Cir. 2014). A dispute is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Allen v. Bd. of Public Educ. for Bibb Cnty.*, 495 F.3d 1306, 1313 (11th Cir. 2007). Although *pro se* filings are entitled to liberal construction, *pro se* litigants are not excused from the burden under summary-judgment standards of establishing that a genuine issue of material fact exists. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

## III.

Ivory first takes issue with the transfer and subsequent handling of his case. He further argues that the evidence created genuine issues of material facts as to whether the prison conditions violated his Eighth and Fourteenth Amendment rights and whether he has been denied access to the courts after the law library at Easterling caught fire. We address each contention separately.

## A.

8

Ivory contends that it was an abuse of discretion for the Middle District to vacate the June 14, 2011, order construing the defendants' special report as a motion for summary judgment.[4] As the Middle District explained, however, the court vacated the order upon transfer so that the case could "proceed in accordance with the standing practice of th[e] court that construction of a special report not be actually converted to a motion for summary judgment until entry of a Recommendation." At no point did the Southern District deny the defendants' construed motion for summary judgment or set the case for trial, despite Ivory's assertions to the contrary. Nor was the transfer of the case an abuse of discretion, in light of the location of both the defendants and the Easterling facility. *See* 28 U.S.C. §§ 1391(b), 1404(a).

## B.

The Eighth Amendment, applicable to the states through the Fourteenth Amendment, "set[s] limits on the treatment and conditions that states may impose on prisoners." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1571 (11th Cir. 1985).

---

[4] In his brief, Ivory also makes passing references to the idea that he should have been permitted pre-trial discovery to prove the allegations in his complaint, but he does not develop this argument further and so likely has abandoned the issue. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (issues not briefed by a *pro se* litigant are deemed abandoned); *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682-83 (11th Cir. 2004) ("passing references" to an issue without further argument or citation to authority may constitute abandonment). In any case, Ivory is not entitled to relief for any purported denial of discovery because he does not appear to have raised any discovery issues before the district court, nor does he identify what additional evidence he would have sought or discovered or how that evidence "would create a genuine issue of material fact precluding summary judgment." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998).

Under that provision, the states may not impose conditions that "deprive inmates of the minimal civilized measure of life's necessities," or that may do so in the future. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981); *see Helling v. McKinney*, 509 U.S. 25, 33-34, 113 S. Ct. 2475, 2480-81 (1993) ("That the Eighth Amendment protects against future harm to inmates is not a novel proposition."); *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). A state violates the Eighth Amendment if fails to furnish prisoners with "the basic human needs," including "reasonable safety," *Helling*, 509 U.S. at 33, 113 S. Ct. at 2480-81, and "reasonably adequate food, clothing, shelter, and sanitation," *Hamm*, 774 F.2d at 1572.

We have explained that a two-part analysis governs Eighth Amendment challenges to conditions of confinement. *Chandler*, 379 F.3d at 1289. First, the prisoner must show that the conditions of his confinement are objectively "serious" or "extreme." *Id.* This means that the prisoner must show, at the very least, that "a condition of his confinement poses an unreasonable risk of serious damage to his future health or safety." *Id.* (brackets and internal quotation marks omitted).

Second, the prisoner must show that the defendant prison officials subjectively acted with "deliberate indifference" with regard to the condition at issue. *Id.*; *see Wilson v. Seiter*, 501 U.S. 294, 298-300, 111 S. Ct. 2321, 2324-25 (1991) (holding that a conditions-of-confinement claim under the Eighth

Amendment requires an inquiry into the prison officials' state of mind).  Under this standard, the Supreme Court has explained, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety."  *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).  Therefore, to be held liable for "deliberate indifference" to inhumane conditions, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.*

Before proceeding to the merits of Ivory's conditions claim, we note that it is unclear whether the district court discharged its summary-judgment responsibilities by "consider[ing] all evidence in the record," including the specific facts in Ivory's and Phillip's affidavits, before granting summary judgment.  *See Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2002) ("The District Court must consider all evidence in the record when reviewing a motion for summary judgment—pleadings, depositions, interrogatories, affidavits, etc.— and can only grant summary judgment if everything in the record demonstrates that no genuine issue of material fact exists.").  These affidavits were not mentioned in conjunction with the conditions-of-confinement claim in either the magistrate judge's recommendation or in the district court's order granting summary

11

judgment.    Nevertheless, we conclude that granting summary judgment was proper, for reasons we explain below.

Construing the evidence in the light most favorable to him, Ivory failed to raise a genuine issue of material fact with regard to the objective component of his deliberate-indifference claim.  Among other conditions alleged in his complaint, Ivory averred that Easterling did not have adequate fire-safety protections.  We have no doubt that a complete lack of fire extinguishers or other fire-safety measures could pose an unreasonable risk of serious harm to an inmate's health or safety.  But Warden Boyd's affidavit refuted Ivory's allegations and stated that the facility had sprinkler systems, fire extinguishers, and inmates who had received training on extinguishing fires, thereby shifting the burden to Ivory to present evidence of specific facts in genuine dispute.  *See Jeffery*, 64 F.3d at 593-94.  The only specific evidence offered by Ivory as to the lack of fire-safety measures comes from Phillips' affidavit, which merely attests to Phillips's lack of awareness of any such measures.  The affidavit does not explain any factual basis for Phillips's assertion, and Phillips's lack of awareness does not contradict the assertion in Boyd's affidavit that such measures, in fact, existed.  Accordingly, no genuine issue exists with regard to fire-safety measures.

Regarding the other conditions of confinement, whether considered individually or in combination, we conclude that Ivory has not put forward specific

12

facts by which we could conclude that a reasonable jury could find the challenged conditions so objectively "serious" or "extreme" as to pose an unreasonable risk of serious harm to Ivory's future health or safety. *See Chandler*, 379 F.3d at 1289. While the allegations are troubling, the evidence regarding the temperature, ventilation, overcrowding, and supervision at Easterling fails to identify with specificity the nature of the conditions and their impact on Ivory's health or safety.

In any case, even if Ivory had established an "excessive risk to inmate health or safety," liability cannot be imposed "solely because of the presence of objectively inhumane prison conditions." *Farmer*, 511 U.S. at 838, 114 S. Ct. at 1979. Ivory has not alleged any specific facts or produced any evidence indicating that the named defendants, Bentley and Thomas, subjectively knew of and disregarded a substantial risk so as to make out an Eighth Amendment claim. *See Chandler*, 379 F.3d at 1289-90. Ivory's contention that the conditions were so obvious that the defendants had to have known about them is insufficient without some proof of actual knowledge or circumstantial evidence by which such an inference of knowledge could be drawn. *See Farmer*, 511 U.S. at 841-43, 114 S. Ct. at 1981-82. Although the defendants may have known of similar conditions in Alabama prisons generally as a result of other litigation or newspaper articles,

13

there is nothing in the record to show that Bentley and Thomas knew of the specific conditions at Easterling challenged by Ivory.[5]

## C.

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494 (1977). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828, 97 S. Ct. at 1498. But in order to establish a violation of that right, "a prisoner must show an actual injury," a requirement that derives from the doctrine of standing. *Lewis v. Casey*, 518 U.S. 343, 349, 116 S. Ct. 2174, 2179 (1996).

We have explained that "[a]ctual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by a deficiency in the prison library or in a legal assistance program or by an official's action." *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). General factual allegations of injury will not suffice at the summary-judgment stage; rather the plaintiff "must set forth by affidavit or other evidence

---

[5] To the extent that Ivory challenges the conditions at ADOC facilities generally, he lacks standing to do so because there is no evidence that other facilities present a substantial risk to Ivory's health or safety. *See Helling,* 509 U.S. at 33-34, 113 S. Ct. at 2480-81; *McGowan v. Maryland*, 366 U.S. 420, 430, 81 S. Ct. 1101, 1107 (1961) (litigants have standing to assert only their own constitutional rights).

14

specific facts, which for purposes of the summary judgment motion will be taken to be true." *Id.* (citation omitted).

Ivory has not demonstrated that he was denied access to courts because he has presented no evidence showing that he was denied the capability of pursuing his claims in federal or state court, and thus sustained an actual injury. *See Lewis*, 518 U.S. at 349, 116 S. Ct. at 2179; *Barbour*, 471 F.3d at 1225. Rather, Ivory fully participated in the instant action, filing responses to the defendants' summary judgment motion, objections to the magistrate judge's report and recommendation, and a motion to alter, amend, or reconsider the district court's order granting summary judgment to defendants. To the extent that Ivory claims to have suffered actual injury in connection with post-conviction proceedings concerning his arrest and conviction over fifteen years ago, he has not identified any way in which the asserted denial of his access to courts injured his prosecution of these post-conviction proceedings. Nor has Ivory offered any evidence to substantiate his assertion that prison authorities retaliated against him for pursuing a meritorious claim by burning down the law library. Therefore, the district court did not err in granting summary judgment on Ivory's access-to-courts claim.

## IV.

In short, we affirm the grant of summary judgment in favor of Bentley and Thomas.

15

**AFFIRMED.**